UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:99-cr-323-TPB-TGW

HAROLD STEWART,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE"**

This matter is before the Court on Defendant Harold Stewart's "Motion for Compassionate Release," filed by counsel on December 18, 2020. (Doc. 353). On the same day, the Court directed the United States to respond to the motion. (Doc. 355). On December 31, 2020, the Government filed its response. (Doc. 356). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On August 25, 2000, the Court sentenced Defendant to 360 months' imprisonment after a jury found him guilty of conspiracy to possess with intent to distribute methamphetamine. (Doc. 184). Defendant is currently incarcerated at FCI Jesup, and he is projected to be released on or about March 1, 2026. Defendant has served approximately 256 months of his sentence.

Following Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to his age and deteriorating health, the spread of Covid-19 among incarcerated persons, and the Bureau of Prison's inadequate response to the COVID-19 pandemic. Specifically, Defendant claims that because he is 67 years old and has several health conditions, he is more susceptible to COVID-19 complications. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Although he has exhausted his administrative remedies, the Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his age or medical conditions.[1] Defendant is a 67-year old offender with

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including:

some known health conditions.  Although the Center for Disease Control acknowledges that the risk of severe complications from COVID-19 increases with age, there is no bright line rule.  Defendant does not argue or establish that the health problems he claims to have – osteoarthritis, knee pain, periodontal disease with severe bone loss, esophageal reflux, ventral hernia, sleep apnea, and gout – put him at greater risk of again contracting COVID-19 or succumbing to the virus.  Furthermore, although Defendant has alleged that his physical health is deteriorating due to the aging process, he has not established that he suffers from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the correctional facility and that he is not expected to recover from such condition.

General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently

---

(1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). This is particularly true where Defendant has previously contracted COVID-19 and recovered from the disease. He has not sufficiently established that he suffers from a condition that makes him more vulnerable to becoming seriously ill should he again contract COVID-19.

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, he has not met his burden in demonstrating that the applicable section 3553(a) factors weigh in favor of granting compassionate release in this case. The vast majority of the factors weigh against sentence reduction. Defendant's instant offense involved the distribution of methamphetamine. His criminal history category ("CHC") is VI. As a career offender, Defendant presents a high risk for recidivism, and the quantity and nature of his prior offenses demonstrate a danger to the public. Consequently, "Defendant's Motion for Compassionate Release" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of February, 2021.

  
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**